Strafford,
No. 4608.

CHARLES E. PALMER *v.* FARMINGTON.

Argued October 1, 1957.

Decided November 5, 1957.

*Cooper, Hall & Cooper* and *John M. Brant* (*Mr. Brant* orally), for the plaintiff.

*Burns, Calderwood, Bryant & Hinchey* and *Errol S. Hall* (*Mr. Hall* orally), for the defendant.

DUNCAN, J. In *deRochemont* v. *Holden*, 99 N. H. 80, the authority of selectmen to sell real estate belonging to a town was considered and the conclusion reached that this power resides in the

inhabitants of the town, and does not fall within the authority of the selectmen in managing the prudential affairs of the town, or performing any other statutory duties of their office. See also, *Moulton* v. *Beals*, 98 N. H. 461.

In the instant case the real estate which the town sold to the plaintiff was acquired by the town by tax deed from the collector. The parties do not question that the later sale by the town was duly authorized by vote of the town, and that conveyance was made by quitclaim deed containing no undertaking which would afford a basis for the action before us. The issue therefore arises whether the selectmen could bind the town by oral agreement, not alleged to have been authorized by vote of the inhabitants, that the town would indemnify or reimburse the purchaser for expenses incurred in perfecting or defending title to the premises conveyed.

The Trial Court committed no error in holding that the selectmen lacked such authority. The vote of the town is understood to have conferred no express authority beyond the power to sell and convey. The authority may be deemed to have carried with it by inference "all necessary or usual means of executing it with effect." *Goodale* v. *Wheeler*, 11 N. H. 424, 428. See Restatement, Agency, s. 51. But there is no suggestion that an undertaking to indemnify the plaintiff which he alleges was made by the selectmen in this case was necessary or usual to sale of the premises, or authorized by the town. *Cf. Cofran* v. *Cockran*, 5 N. H. 458. Incurrence of such a liability cannot be presumed to have been in the interest of the town, or within the powers of selectmen in managing its prudential affairs, so as to be binding in the absence of an authorizing vote of the town (*Smith* v. *Epping*, 69 N. H. 558), any more than a release of liability of a third person to the town would have been. *Carlton* v. *Bath*, 22 N. H. 559.

The sale was at public auction (*Palmer* v. *Coulombe*, *supra*, 267) with no condition attached to the sale or established by vote of the town. See Laws 1947, c. 269, now RSA 80:42. Thus the order of the Trial Court was sufficiently founded upon the selectmen's lack of authority, and there is no occasion to consider the other grounds for the order. The order of dismissal or nonsuit is sustained.

*Exceptions overruled.*

All concurred.